# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | | |
|---|---|---|
| EDNA BRIGHT, | ) | |
| | ) | Case No. 4:17-cv-82 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| CHARLES KELLY WILSON, | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Edna Bright, proceeding *pro se*, initiated this action on November 22, 2017, by filing a "Motion for a Hearing" in the United States District Court for the Middle District of Tennessee. (Doc. 1.) The Middle District of Tennessee construed Bright's motion as a complaint (*see* Doc. 3) and granted Bright leave to proceed *in forma pauperis*. The court also determined that the action was filed in the wrong venue and transferred the case to this Court on December 11, 2017. (*Id.*) Although the Middle District of Tennessee conducted an initial review of Bright's complaint, if a district court determines "at any time" that a plaintiff proceeding *in forma pauperis* fails to state a claim on which relief may be granted, "the court shall dismiss the case . . . ." 28 U.S.C. § 1915(e)(2). For the following reasons, this action will be **DISMISSED**.

### I. BRIGHT'S COMPLAINT

Bright alleges she hired Defendant Charles Kelly Wilson in November 2014 to represent her in a Chapter 13 bankruptcy proceeding. (Doc. 1, at 1.) According to Bright, Defendant gave the opposing party multiple discovery extensions without her consent, lied to her for months

about the existence of certain evidence, and refused to submit "documentations" Bright requested he submit. (*Id.* at 2.) Further, though Defendant had knowledge of Bright's hearing impairment, Bright alleges that he would not repeat things said in court or provide her hearing devices. (*Id.* at 3.) Bright alleges that, after she fired Defendant, she filed a complaint with the Board of Professional Responsibility against him and objected to his attorneys' fees. (*Id.*) According to Bright, Defendant was ordered to return $200 to her, but did not do so and "committed mail fraud to cover up the violation." (*Id.*)

Bright "sues for violations of Civil Rights pursuant to 42 U.S.C. Section[ ] 1983." (*Id.* at 2.) Bright also asserts a claim under the Americans with Disability Act ("ADA"). (*Id.* at 3.)

## II. STANDARD OF LAW

As noted, cases filed *in forma pauperis* must be screened under 28 U.S.C.§ 1915(e)(2) to determine whether they state a claim entitling a plaintiff to relief. Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the § 1915(e)(2), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## III. ANALYSIS

### a. *§ 1983 Claim*

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that she was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). An individual acts under the color of state law "only when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Polk Cty. v. Dodson*, 454 U.S. 312, 317–18 (1981) (internal quotation marks omitted). "[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Id.* at 318; *see also Harmon v. Hamilton Cty. Ct. of Common Pleas*, 83 F. App'x 766, 767 (6th Cir. 2003) ("[T]he . . . attorneys did not act under color of state law as privately retained attorneys, although the acts alleged related to state court litigation.").

Here, Bright's allegations against Defendant are in connection with his private representation of her. She does not allege that Defendant acted on behalf of or in concert with any state or government. Accordingly, Bright does not allege that Defendant acted under color of state law and, therefore, fails to state a claim upon which relief may be granted under § 1983.

### b. *Americans with Disabilities Act Claim*

Turning to Bright's ADA claim, Bright does not specify which provision of the ADA applies to her allegations. To the extent Bright asserts a claim under Title II of the ADA, that provision provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Under Title II, a public entity includes "any State or local government, [and] any

department, agency, special purpose district, or other instrumentality of a State or States or local government . . . ." 42 U.S.C. § 12131(1)(A)–(B).

Defendant, a private attorney, is not a "public entity" as defined in Title II of the ADA, because he is not a state or local government or any other instrumentality of such. *See Williams v. Savage*, 569 F. Supp. 2d 99, 110–11 (D.D.C. 2008) (holding that an insurance company is not a "public entity" under the ADA because it is not a state or local government). Accordingly, Bright fails to state a claim under Title II of the ADA.

Bright also fails to assert a claim under Title III of the ADA, which prohibits discrimination "by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Bright does not allege that Defendant owns, leases, or operates the courthouse where she experienced the alleged discrimination, placing Defendant outside the scope of this provision. Consequently, Bright fails to state a claim upon which relief may be granted under the ADA.

### c. *Subject-Matter Jurisdiction*

Finally, to the extent Bright seeks to bring any state-law claims against Defendant, such as legal malpractice or fraud, the Court lacks subject-matter jurisdiction. The Court has already determined that Bright fails to state a federal claim upon which relief may be granted. Accordingly, the Court lacks federal-question jurisdiction under 28 U.S.C. § 1331. Additionally, the Court lacks diversity jurisdiction under 28 U.S.C. § 1332, because both Bright and Defendant are residents of Tennessee (*see* Doc. 1, at 2). The Court, therefore, lacks subject-matter jurisdiction over any state-law claims Bright is asserting.

## IV. CONCLUSION

For the foregoing reasons, Bright's complaint fails to state a claim upon which relief may be granted. This action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Further, the Court notes that Bright has a history of repetitive, vexatious, and frivolous litigation, both in this district[1] and in the Western District of Tennessee.[2] Bright is **ON NOTICE** that, if she continues to file frivolous lawsuits and motions, the Court may place restrictions on her ability to file new lawsuits and documents with the court.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[1] Bright's claims were dismissed for failure to state a claim upon which relief may be granted in the following cases: (1) Case No. 4:11-cv-56; (2) Case No. 4:13-cv-5; (3) Case No. 4:15-cv-61; (4) Case No. 4:16-cv-55; (5) Case No. 4:16-cv-51; and (6) Case No. 4:16-cv-53.

[2] In addition to this case, the following cases filed by Bright in the Middle District of Tennessee have been transferred to this Court: (1) 4:17-cv-46; (2) 4:17-cv-50; and (3) 4:17-cv-47.